**Peter E. Heuser**, OSB #811281
Email: pheuser@schwabe.com
**Matthew R. Wilmot**, OSB #061936
Email: mwilmot@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5TH AVE., SUITE 1900
PORTLAND, OR  97204
TELEPHONE: 503.222.9981
FACSIMILE: 503.796.2900

Attorneys for Plaintiff All Care In Home Support Service, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### MEDFORD DIVISION

| | |
|---|---|
| **ALL CARE IN HOME SUPPORT SERVICE, INC.,** an Oregon corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**MID ROGUE INDEPENDENT PHYSICIAN ASSOCIATION, INC.,** an Oregon corporation,<br><br>Defendant. | Civil No. 1:13-cv-2004<br><br>**COMPLAINT**<br><br>**(Federal Unfair Competition, Oregon State Trademark Infringement, Common Law Trademark Infringement and Unfair Competition, and Cancellation of Federal Trademark Registrations)**<br><br>**DEMAND FOR JURY TRIAL** |

For its Complaint, Plaintiff All Care in Home Support Service, Inc. ("Plaintiff") states and alleges as follows:

## NATURE OF THE CASE

1.     This is a trademark infringement and unfair competition case arising from Defendant Mid Rogue Independent Physician Association, Inc.'s ("Defendant") deliberate use of Plaintiff's trademark, ALL CARE.  By way of this lawsuit, Plaintiff seeks: (i) an injunction

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

enjoining Defendant from further use in the Southern Oregon market of any trademark consisting of or including the terms "ALLCARE" or "ALL CARE," or any other trademark confusingly similar thereto, in connection with the marketing, promotion, sale and provision of healthcare related services; (ii) an Order and Judgment directing the United States Patent and Trademark Office ("USPTO") to cancel Defendant's ill-gotten federal trademark registrations for its "ALLCARE"-formative marks; and (iii) an award of damages as a result of Defendant's infringement and unfair competition to date.

## THE PARTIES

2.      Plaintiff All Care in Home Support Service, Inc. is a corporation duly organized and existing under the laws of the State of Oregon, with its principal place of business at 2574 W Main Street, Medford, Oregon 97501.  Plaintiff is in the business of, among other things, the marketing, promotion, sale and provision of in-home and in-facility healthcare services, including companion care, personal care, and household management, to clients throughout Southern Oregon.

3.      Upon information and belief, Defendant Mid Rogue Independent Physician Association, Inc. is a corporation duly organized and existing under the laws of the State of Oregon, with its principal place of business at 740 SE 7th Street, Grants Pass, Oregon 97526. Upon information and belief, Defendant is in the business of, among other things, the marketing, promotion, sale and provision of healthcare related services in the fields of managed healthcare, healthcare plans, and healthcare association services to patients and physicians throughout Southern Oregon.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over the claims alleged herein pursuant to Sections 37 and 39 and of the Lanham Act, 15 U.S.C. §§ 1119 and 1121, and under 28 U.S.C. §§ 1331 and 1338, because this action arises, in part, under 15 U.S.C. § 1125.  This Court has subject matter jurisdiction over Plaintiff's related state and common law claims pursuant to 28

Page 2 -     COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\126429\192019\ABO\12682571.3

U.S.C. § 1338, because these claims are substantial and related claims under federal trademark law, and pursuant to the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367.

5.      Venue is proper in this judicial district under 28 U.S.C. 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.  Venue is also proper in this judicial district under 28 U.S.C. § 1391(b)(1), (c) and (d).

6.      This Court has personal jurisdiction over Defendant because, on information and belief, Defendant is a corporation duly organized and validly existing under the laws of the State of Oregon and Defendant's principal place of business is located within Oregon.  On information and belief, from its offices located in Grants Pass, Oregon, Defendant markets, promotes, sells and otherwise provides healthcare related services to patients and physicians throughout Oregon, including without limitation, the marketing and selling of healthcare plans and the provision of managed healthcare services.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

7.      Founded in 1991, Plaintiff is a qualified in-home and in-facility healthcare services provider serving clients throughout Southern Oregon.  Among other things, Plaintiff provides temporary and long-term personal care, shopping, household management, transportation, and related healthcare services to its clients, including, in-home care and in-facility care to those clients residing in nursing homes, foster homes, hospitals, and independent living centers (collectively the "ALL CARE Services").  Because Plaintiff primarily directs the ALL CARE Services towards clients having medical needs or disabilities which require such in-home and/or in-facility care, Plaintiff works directly with clients and their doctors and/or other healthcare service providers to coordinate care services, many of which are covered by Medicaid and most other health insurance plans.

8.      Plaintiff provides the  ALL CARE Services through its Southern Oregon offices located in Medford, Oregon and Ashland, Oregon.  Plaintiff also markets and promotes the ALL

Page 3 -    COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

CARE Services to potential clients over the Internet through its website,

http://allcareonline.homestead.com/index.html, and further generates a significant portion of its

business through word-of-mouth and referrals from its current and former clients, doctors, and

other healthcare professionals with whom it has worked with in the past or to whom Plaintiff has

directly marketed the ALL CARE Services.

9.      Since at least as early as 1994 and continuing through the present date, Plaintiff

has provided the ALL CARE Services under the trade name ALL CARE (the "ALL CARE

Mark").  Plaintiff has spent substantial sums promoting its business and the ALL CARE Services

offered under its ALL CARE Mark such that a significant portion of Plaintiff's relevant

consumer demographic in the Southern Oregon market has come to associate the ALL CARE

Mark with Plaintiff.

10.     As a result of Plaintiff's continuous and substantially exclusive use of its ALL

CARE Mark in the Southern Oregon market, and its sales, advertising and promotional efforts

under the ALL CARE Mark, the ALL CARE Mark has become closely associated with Plaintiff

and has come to be recognized favorably by Plaintiff's relevant consumer demographic within

the Southern Oregon market as an indicator of source for the ALL CARE Services.

Accordingly, Plaintiff owns valuable goodwill in connection with its ALL CARE Mark.

11.     Plaintiff's ALL CARE Mark is the subject of an Oregon State trademark

registration, Oregon Reg. No. 42957, for use in connection with "providing in-home health care

services, advising patients as to insurance coverage, medication, nutrition, lifestyle and providing

hospice care."  Plaintiff's Oregon State registration for its ALL CARE Mark issued on or about

September 26, 2013, and claims a first use date of December 1994.  A true and correct copy of

Plaintiff's file-stamped application evidencing the registration of the ALL CARE Mark with the

State of Oregon is attached hereto as Exhibit A to this Complaint.

12.     Plaintiff has also applied to register the mark ALL CARE & Design with the

USPTO for use in connection with "providing in-home health care services," which application

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

has been assigned U.S. Serial No. 85/817,592 by the USPTO, and which application claims a first use date of December 1991, and a first use in commerce date of December 1994..  A true and correct copy of Plaintiff's application is attached hereto as Exhibit B to this Complaint.

13.    On information and belief, Defendant is an association of physicians formed in 1994.  On information and belief, independent physicians join Defendant in order to take advantage of, among other things, group purchasing, recruitment, shared information systems, and electronic medical records.  On information and belief, Defendant is also responsible for negotiating commercial, state and federal contracts within insurance companies on behalf of its members.

14.    On information and belief, on or about April 2012, Defendant began marketing, promoting and selling its healthcare related services within the Southern Oregon market under the trademark ALLCARE HEALTH PLAN (the "Infringing Mark").

15.    On information and belief, Defendant has further registered with the USPTO the following trademarks: ALLCARE HEALTH PLAN & Design, U.S. Registration No. 4,222,041; ALLCARE HEALTH PLAN; U.S. Registration No. 4,277,228; and ALLCARE HEALTH PLAN, U.S. Registration No. 4,168,771.  Each of the marks depicted in the foregoing registrations is registered in connection with healthcare and/or healthcare insurance related services.

16.    On information and belief, Defendant has further applied to register with the USPTO the following trademarks: ALLCARE CHOICE, U.S. Serial No. 85/849,969; ALLCARE ADVANTAGE, U.S. Serial No. 85/849,385; ALLCARE MED ADVANTAGE, U.S. Serial No. 85/849,382; and ALLCARE EXCHANGE, U.S. Serial No. 85/849,376.  Each of the foregoing applications has been filed on an intent to use basis in connection with healthcare and/or healthcare insurance related services.

17.    Plaintiff has filed a Notice of Opposition with the USPTO's Trademark Trial and Appeal Board opposing the registration of Defendant's applications for the marks ALLCARE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

CHOICE, U.S. Serial No. 85/849,969, and ALLCARE ADVANTAGE, U.S. Serial No.

8/849,385, which opposition has been assigned Proceeding No. 91212344.  Defendant's

applications for the marks ALLCARE MED ADVANTAGE, U.S. Serial No. 85/849,382, and

ALLCARE EXCHANGE, U.S. Serial No. 85/849,376, have yet to be published for opposition

by the USPTO, although Plaintiff intends to oppose registration of these marks upon their

publication.

18.    In or around August 2012, Plaintiff began receiving phone calls and written

correspondence from third parties referring to Defendant and/or its healthcare related services

offered under the Infringing Mark, all of which were presumably intended for Defendant.  After

further investigation of these communications, Plaintiff learned of Defendant's use of the

Infringing Mark.  These misdirected phone calls and correspondence constitute evidence of

actual consumer confusion among consumers as to the origin, source, sponsorship or affiliation

of the parties and/or their respective healthcare services.

19.    On or about September 17, 2013, counsel for Plaintiff contacted Defendant's

counsel, Jane Yates, via letter and informed her of Plaintiff's rights in its ALL CARE Mark and

of Defendant's infringement of the ALL CARE Mark.  Despite Plaintiff's repeated requests that

Defendant cease and desist from all further use of the Infringing Mark and Plaintiff's willingness

to permit Defendant a reasonable period of time to transition to a new mark, Defendant has

nevertheless persisted in its use of the Infringing Mark.

20.    Plaintiff has senior rights in its ALL CARE Mark based on first use in commerce

in Southern Oregon.  Having commenced use of its ALL CARE Mark in 1994, Plaintiff's use of

its mark predates Defendant's use of the Infringing Mark by more than 18 years.

21.    The ALL CARE Mark and the Infringing Mark are identical and/or near identical

in sound, sight and commercial impression in that the dominant portion of both marks is the term

"ALL CARE."  Furthermore, there is little to no visual or phonetic dissimilarity between the

dominant portion of the ALL CARE Mark and the Infringing Mark and consumers encountering

Page 6 -    COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

the parties' respective marks in the marketplace are likely to deem the ALL CARE Mark and the Infringing Mark as having an identical commercial impression.

22.    Plaintiff and Defendant's healthcare related services are closely related. Plaintiff's ALL CARE Services consist of, in part, in-home and in-facility healthcare related services for clients having long term and temporary medical needs or disabilities. The ALL CARE Services include advising clients on health insurance coverage, and Plaintiff commonly coordinates the provision of the ALL CARE Services with the client's doctor and/or other healthcare service providers. Defendant's healthcare services consist of managed health care services and services related to the marketing, sale and provision of health care plans. Accordingly, both Plaintiff's and Defendant's services are focused on providing healthcare related services and/or assisting clients in obtaining healthcare related services and/or health insurance for such services.

23.    Plaintiff and Defendant market, promote and/or sell their respective services to the same classes of consumers and in overlapping marketing and trade channels. For example, both Plaintiff and Defendant advertise, market, and promote their respective services directly to prospective clients in Southern Oregon and elsewhere through their respective websites, http://allcareonline.homestead.com/index.html (Plaintiff's website) and http://www.allcarehealthplan.com/ (Defendant's website). Further, on information and belief, Defendant markets, promotes and sells its health care related services directly to potential clients and to hospitals, doctors and other healthcare professionals who may refer potential clients. Similarly, Plaintiff markets and promotes the ALL CARE Services directly to potential clients and to hospitals, doctors and other health care professionals who may work with potential clients in selecting in-home and in-facility care providers like Plaintiff. Thus, Defendant  markets, promotes and sells its healthcare related services through the same trade channels and to the same classes of consumers as Plaintiff.

Page 7 -    COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

24.     Defendant is not an authorized licensee of Plaintiff, and Plaintiff has never authorized or otherwise given Defendant permission to use any form of Plaintiff's ALL CARE Mark.

## FIRST CLAIM FOR RELIEF

### (Federal Unfair Competition, 15 U.S.C. § 1125(a)(1)(A))

25.     Plaintiff incorporates by reference paragraphs 1 through 24 set forth above.

26.     Defendant's use of the Infringing Mark in commerce in connection with the marketing, promotion, sale and provision of its healthcare related services in Southern Oregon is likely to cause confusion, mistake and deception as to the affiliation, connection or association of Defendant with Plaintiff, or vice versa, or as to the origin, sponsorship or approval of Defendant's healthcare related services by Plaintiff, or vice versa.  Defendant's actions therefore constitute infringement of Plaintiff's ALL CARE Mark in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

27.     Defendant has made false representations, false descriptions, and false designations of origin of its services in violation of 15 U.S.C. § 1125(a) by using the Infringing Mark in connection with Defendant's healthcare related services in Southern Oregon.

28.     Defendant's activities have caused and, unless enjoined by this Court will continue to cause, a likelihood of confusion and deception among members of the healthcare industry within Southern Oregon, among Plaintiff's relevant consumer demographic within Southern Oregon, and the public at large.

29.     The likelihood of confusion, mistake and deception caused by Defendant's use of the Infringing Mark in connection with healthcare related services has caused and is currently causing irreparable harm to the goodwill and reputation symbolized by Plaintiff's ALL CARE Mark.

30.     Plaintiff lacks an adequate remedy at law because the ALL CARE Mark is unique and represents to the public the source, reputation, and goodwill of the ALL CARE Services.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

Certain damages caused by Defendant's acts may not be susceptible to any ready or precise calculation of damages because such damages involve lost business opportunities and loss of goodwill.  Accordingly, monetary damages alone cannot fully compensate Plaintiff for Defendant's misconduct.

31.    Plaintiff is entitled to an injunction under 15 U.S.C. § 1116 against Defendant's continued use of the Infringing Mark, or any confusingly similar variations of Plaintiff's ALL CARE Mark, in Southern Oregon.  Unless enjoined, Defendant will continue to use the Infringing Mark and continue to cause consumer confusion and injure Plaintiff's goodwill and reputation.

32.    As a direct and proximate result of Defendant's conduct, Plaintiff is also entitled to recover three (3) times its actual damages and the profits wrongfully obtained by Defendant attributable to the infringement in an amount to be proven at trial.

33.    Defendant's actions in adopting and using the Infringing Mark in connection with healthcare related services which are closely related to the ALL CARE Services offered by Plaintiff under its ALL CARE Mark give rise to an inference of intentional, willful and malicious intent on the part of Defendant to trade on the goodwill associated with Plaintiff's ALL CARE Mark and to cause confusion, to cause mistake and to deceive the public about the source or affiliation of Defendant's services and/or vice versa.  Accordingly, this is an exceptional case under 15 U.S.C. § 1117(a) justifying an award of Plaintiff's reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF

### (Oregon State Trademark Infringement, ORS § 647.105, *et seq.*)

34.    Plaintiff incorporates by references paragraphs 1 through 33 set forth above.

35.    Defendant's use of the Infringing Mark in commerce in connection with the marketing, promotion, sale and provision of its healthcare related services in Southern Oregon is likely to cause confusion, mistake and deception as to the affiliation, connection or association of Defendant with Plaintiff, or vice versa, or as to the origin, sponsorship or approval of

Page 9 -    COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Defendant's healthcare related services by Plaintiff, or vice versa.  Defendant's actions therefore infringe Plaintiff's Oregon State trademark registration for the mark ALL CARE, Oregon Reg. No. 42957, in violation of ORS § 647.095(1).

36.     Defendant's activities have caused and, unless enjoined by this Court will continue to cause, a likelihood of confusion and deception among members of the healthcare industry within Southern Oregon, among Plaintiff's relevant consumer demographic within Southern Oregon, and the public at large.

37.     The likelihood of confusion, mistake and deception caused by Defendant's use of the Infringing Mark in connection with healthcare related services has caused and is currently causing irreparable harm to the goodwill and reputation symbolized by Plaintiff's ALL CARE Mark.

38.     Plaintiff lacks an adequate remedy at law because the ALL CARE Mark is unique and represents to the public the source, reputation, and goodwill of the ALL CARE Services. Certain damages caused by Defendant's acts may not be susceptible to any ready or precise calculation of damages because such damages involve lost business opportunities and loss of goodwill.  Accordingly, monetary damages alone cannot fully compensate Plaintiff for Defendant's misconduct.

39.     Plaintiff is entitled to an injunction under ORS § 647.105(1)(a) against Defendant's continued use of the Infringing Mark, or any confusingly similar variations of Plaintiff's ALL CARE Mark, in Southern Oregon.  Unless enjoined, Defendant will continue to use the Infringing Mark and continue to cause consumer confusion and injure Plaintiff's goodwill and reputation.

40.     As a direct and proximate result of Defendant knowing and bad faith conduct, Plaintiff is also entitled to recover three (3) times its actual damages and the profits wrongfully obtained by Defendant attributable to the infringement in an amount to be proven at trial.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

41.     Defendant's actions in adopting and using the Infringing Mark in connection with healthcare related services which are closely related to the ALL CARE Services offered by Plaintiff under its ALL CARE Mark give rise to an inference of intentional, willful and malicious intent on the part of Defendant to trade on the goodwill associated with Plaintiff's ALL CARE Mark and to cause confusion, to cause mistake and to deceive the public about the source or affiliation of Defendant's services and/or vice versa.  Accordingly, Plaintiff is entitled to an award of Plaintiff's reasonable attorney's fees under ORS § 647.105(2).

### THIRD CLAIM FOR RELIEF

### (Common Law Trademark Infringement and Unfair Competition)

42.     Plaintiff incorporates by reference paragraphs 1 through 41 set forth above.

43.     Defendant is using the Infringing Mark in a manner that is likely to cause confusion, to cause mistake, and to deceive members of the healthcare industry within Southern Oregon, Plaintiff's relevant consumer demographic within Southern Oregon, and the public at large, as to the affiliation, connection, or association of Defendant with Plaintiff, or vice versa, or as to the origin, sponsorship, and approval of Defendant's healthcare related services by Plaintiff, or vice versa.

44.     Defendant's acts constitute common law trademark infringement and unfair competition and have created and will continue to create a likelihood of confusion in the Southern Oregon market, thereby causing irreparable harm to Plaintiff, including without limitation, injury to its reputation and business identity, resulting in lost revenue and profits and diminished goodwill and reputation.  Plaintiff has no adequate remedy at law for this injury.

45.     On information and belief, Defendant acted with full knowledge of Plaintiff's use of and rights in the ALL CARE Mark and without regard to the likelihood of confusion of the public created by Defendant's activities.

Page 11 -   COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\126429\192019\ABO\12682571.3

46.     Defendant's actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with Plaintiff's ALL CARE Mark to the great and irreparable injury of Plaintiff.

47.     As a result of Defendant's acts, Plaintiff has been damaged in an amount not yet determined or ascertainable.  At a minimum, Plaintiff is entitled to injunctive relief, to an accounting of Defendant's profits, actual damages, punitive damages, and costs.

## FOURTH CLAIM FOR RELIEF

### (Cancellation of Defendant's "ALLCARE" Registrations, 15 U.S.C. § 1119)

48.     Plaintiff incorporates by reference paragraphs 1 through 47 set forth above.

49.     Plaintiff began using its ALL CARE Mark in connection with the ALL CARE Services at least as early as December 1994 and Plaintiff's use has been continuous since that time.  Accordingly, Plaintiff's use of its ALL CARE Mark began well before the registrations of its "ALLCARE"-formative marks.

50.     An actual controversy exists between Plaintiff and Defendant.

51.     Plaintiff requests that the Court enter an Order and Judgment that declares, pursuant to 15 U.S.C. § 1119, as follows:

a.     That Defendant's federal registrations for the marks ALLCARE HEALTH PLAN & Design, U.S. Registration No. 4,222,041; ALLCARE HEALTH PLAN; U.S. Registration No. 4,277,228; and ALLCARE HEALTH PLAN, U.S. Registration No. 4,168,771, are hereby cancelled pursuant to 15 U.S.C. § 1119 on the basis of prior continuous use by Plaintiff of its ALL CARE Mark and because when used in connection with Defendant's services, the use of the marks depicted in the foregoing registrations are likely to cause confusion, mistake or deception; and

b.     That Plaintiff has superior rights in its ALL CARE Mark in the Southern Oregon market.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\126429\192019\ABO\12682571.3

## JURY DEMAND

52.     Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of all issues so triable that are raised herein or which hereinafter may be raised in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

53.     That Defendant, its officers, directors, agents, servants, affiliates, employees, successors, assigns, parent and subsidiary companies, and representatives, and all those acting in privity or in concert or participation with Defendant, be preliminarily and permanently enjoined and restrained from directly or indirectly:

c.     Affixing, applying, annexing, or using in connection with the advertising, sale, or offering of health care plans, health care management, and healthcare related services, the Infringing Mark, any mark consisting of or including the term "ALLCARE" or "ALL CARE," any mark confusingly similar to Plaintiff's ALL CARE Mark, or any other marks that might tend to falsely describe or represent such services as being those of Plaintiff;

d.     Performing any actions or using any trademarks, service marks, or other words, names, titles, designs, or logos that are likely to cause confusion, to cause mistake, to deceive, or to otherwise mislead the trade or public into believing that Defendant's healthcare related services are sponsored by, affiliated with, or in any way connected to Plaintiff and/or vice versa;

e.     Using any trademarks, service marks, or other words, names, titles, designs, or logos or engaging in any other conduct that creates a likelihood of injury to the business reputation of Plaintiff or a likelihood of misappropriating Plaintiff's distinctive trademarks and the goodwill associated therewith;

f.     From further infringing Plaintiff's ALL CARE Mark, and damaging Plaintiff's goodwill; and

Page 13 -    COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

g.    Engaging in any business practices, including those complained of herein, which unfairly compete with or injure Plaintiff, its business, or the goodwill appertaining thereto.

54.    That Plaintiff be awarded all damages it has sustained by reason of Defendant's wrongful acts, and that such damages be trebled to the extent allowed by law, pursuant to 15 U.S.C. § 1117 and/or ORS 647.105(2).

55.    That an accounting and disgorgement be ordered and that Plaintiff be awarded all gains, profits, and advantages derived by Defendant from its wrongful acts, and that the amount of any accounting be trebled to the extent allowed by law.

56.    That Defendant be required to pay to Plaintiff all of Plaintiff's litigation expenses, including reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1117 and/or ORS 647.105(2).

57.    That the Court enter an Order staying Proceeding No. 91212344, which is currently pending before the USPTO's Trademark Trial and Appeal Board.

58.    That the Court enter an Order and Judgment declaring that Defendant's trademark applications for the marks ALLCARE CHOICE, U.S. Serial No. 85/849,969; ALLCARE ADVANTAGE, U.S. Serial No. 85/849,385; ALLCARE MED ADVANTAGE, U.S. Serial No. 85/849,382; and ALLCARE EXCHANGE, U.S. Serial No. 85/849,376, and any other trademark application(s) owned or controlled by Defendant that includes the terms "ALLCARE" or "ALL CARE," are void ab initio.

59.    That the Court enter an Order and Judgment declaring the cancellation of Defendant's federal trademark registrations for the marks ALLCARE HEALTH PLAN & Design, U.S. Registration No. 4,222,041; ALLCARE HEALTH PLAN; U.S. Registration No. 4,277,228; and ALLCARE HEALTH PLAN, U.S. Registration No. 4,168,771.

60.    That the Court grants Plaintiff such other relief as it deems just and proper.

Page 14 -    COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Dated this 11th day of November, 2013.

Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.


By:    /s/Matthew R. Wilmot
        Peter E. Heuser, OSB #811281
        Matthew R. Wilmot, OSB #061936
        Telephone: 503.222.9981
        Facsimile: 503.796.2900

        Attorneys for Plaintiff All Care in Home
        Support Service, Inc.

Page 15 -   COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\126429\192019\ABO\12682571.3